UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ST. LOUIS-KANSAS CITY CARPENTERS REGIONAL COUNCIL, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:17 CV 751 RWS |
| J.B. CARPENTRY SERVICES, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Fringe benefit funds affiliated with the St. Louis-Kansas City Carpenters Regional Council seek to collect delinquent contributions under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132. Defendant J.B. Carpentry Services, Inc. has not responded to the summons and complaint. After review of Plaintiffs' motion for default judgment and accompanying affidavits and materials, I conclude Plaintiffs are entitled to a default judgment in the amount of $8,920.89.

Defendant J.B. Carpentry Services, Inc. is a party to a collective bargaining agreement with the Regional Council. The collective bargaining agreement requires J.B. Carpentry to submit reports showing hours worked by each covered employee and make fringe benefit contributions. The agreement requires the payment of interest not greater than 10% per annum on delinquent contributions and liquidated damages not greater than 20% of delinquent contributions. The agreement also requires delinquent employers to pay the Funds' attorneys' fees and court costs for legal proceedings to collect delinquent fringe benefit contributions.

Based on reports submitted, J.B. Carpentry failed to make required fringe benefit

contributions of $6,403.18 for the period of June 22, 2016 to August 10, 2016. Plaintiffs request the delinquent contributions plus $1,280.64 in liquidated damages, $187.99 in interest, $382.50 in attorneys' fees, and $666.58 in court costs.

Plaintiffs filed this lawsuit on February 16, 2017. A return of summons indicates J.B. Carpentry was served with the summons and complaint on March 9, 2017. J.B. Carpentry has not filed an answer or responsive pleading. On April 14, 2017, the Clerk of Court filed an Entry of Default. Plaintiffs move for default judgment.

Upon entry of default, a defendant's liability is established and the allegations of the complaint except as to the amount of damages are taken as true. *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973). Affidavits may be submitted to prove damages after the Clerk's entry of default. *United Artist Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

Plaintiffs seek payment of certain fringe benefit contributions covered under ERISA, 29 U.S.C. § 1132(g)(2). Section 1132(g)(2) provides as follows:

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan–
> (A) the unpaid contributions
> (B) interest on the unpaid contributions
> (C) an amount equal to the greater of—
> (i) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

These provisions are mandatory. *See, e.g., Operating Engineers Pension Trust v. Beck Engineering & Surveying Co.*, 746 F.2d 557 (9th Cir. 1984).

Per 29 U.S.C. §1132(g)(2) and the terms of the collective bargaining agreement, Plaintiffs are entitled to (A) $6,403.18 for delinquent contributions; (B) $187.99 in interest; (C) $1,280.64 in liquidated damages; and, (D) $382.50 in attorneys' fees and $666.58 in court costs. In support of these requests, Plaintiffs submit the Affidavit of Juli Laramie, an accountant and the controller for the employee benefits funds affiliated with the Regional Council; the collective bargaining agreement and a statement of interest calculations; and an affidavit from Greg Campbell, attorney for plaintiffs, which provides an explanation of attorneys' fees and costs. I find these materials sufficiently support Plaintiffs' requests and show that their request for attorneys' fees and costs is reasonable. As a result, Plaintiffs are entitled to a total judgment of $8,920.89.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment #[6] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs are entitled to judgment against Defendant J.B. Carpentry Services, Inc. in the amount of $8,920.89.

A separate judgment will issue.

                                                           RODNEY W. SIPPEL
                                                           UNITED STATES DISTRICT JUDGE

Dated this 21st day of April, 2017.